UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 26-28 (ECT/ECW) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **DEFENDANT'S MOTION TO** |
| | ) | **DISMISS WITH PREJUDICE** |
| LUIS ABRAHAM BOCARDO-MARISCAL, | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

Luis Bocardo-Mariscal, by and through his undersigned counsel, hereby respectfully requests that this case be dismissed with prejudice, due to the government's decision to detain him in immigration custody and remove him from the United States, notwithstanding this Court's order releasing him on bond pending his criminal trial.

## I.      Introduction and factual background

On February 23, 2026, the assigned duty magistrate judge denied the government's request for detention and entered an order releasing Mr. Bocardo-Mariscal on bond when he appeared for his initial appearance. (ECF 8). However, due to an active detainer by ICE, Mr. Bocardo-Mariscal was not released from custody and was instead transferred into ICE custody. Shortly thereafter, undersigned counsel became unable to locate Mr. Bocardo-Mariscal via the ICE detainee locator website. On March 3, 2026, the government filed its Motion to Dismiss without prejudice, citing Mr. Bocardo-Mariscal's removal from the United States by ICE. (ECF 15).

It is within the government's power to stop or suspend immigration proceedings to permit a criminal matter to proceed without interference. But the government – the Executive Branch specifically - has chosen not to do so. Though the Court may lack

authority to affect a person's immigration custody, it has unambiguous authority to manage the criminal case over which it is presiding. For the reasons discussed herein, the Court should dismiss the criminal case with prejudice.

## II.    Argument

If the Executive Branch chooses to pursue a criminal prosecution of an individual subject to an ICE detainer, but who has been ordered released in the pending criminal matter, then the defendant "must be promptly returned . . . and released pending trial on the pretrial release conditions previously imposed by [the Magistrate Judge] in accordance with the BRA." *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1180-81 (D. Or. 2012). Specifically here, given Mr. Bocardo-Mariscal's removal from the country, the government has abandoned its prosecution of him.

Accordingly, "[d]ismissal with prejudice is appropriate where 'ICE has initially chosen to prioritize a defendant's criminal prosecution over his immediate removal but then reversed course when faced with a lawful release order under the BRA." *United States v. Ferreira-Chavez*, 2021 WL 602822, *6 (D. Idaho   Feb. 12, 2021) (quoting *United States v. Coronado-Vejar*, 2020 WL 2782502, *3 (D. Ariz. May 29, 2020).

A number of other federal courts have found that the appropriate remedy when a defendant is deported pending a criminal prosecution is dismissal with prejudice. *See, e.g., United States v. Munoz-Garcia*, 455 F.Supp.3d 915, 926 ("The government chose to proceed with the defendant's removal proceeding and deport her from the United States …. The result of those violations should be a dismissal of the criminal charges with prejudice.") (citations omitted); *United States v. Monteverde*, 2021 WL

5534880, *3 (D. Ariz. Oct. 7, 2021) ("[T]he issue is whether … the indictment must be dismissed and, if so, whether the dismissal should be with or without prejudice. Here, Defendant's removal, despite the pending prosecution, violated her Sixth Amendment rights and the Speedy Trial Act and, as such, dismissal of the indictment with prejudice is warranted."); *Ferreira-Chavez*, 2021 WL 602822, at *6 ("Here, the Court finds that dismissal of the indictment with prejudice is appropriate. Unlike *Trujillo-Alvarez*, there is no lesser remedy available. Ferreira has already been deported. His constitutional and statutory rights have been and will continue to be violated.").

III.    **Conclusion**

If the Executive Branch elects to institute proceedings against Mr. Bocardo-Mariscal in immigration court, it may do so but it must follow the law that governs the criminal proceedings it chooses to simultaneously pursue. It failed to do so here by choosing to remove Mr. Bocardo-Mariscal in a manner that interferes with his ability to access counsel and prepare for trial, in violation of the BRA and the Fifth and Sixth Amendments to the Constitution. The Court should dismiss the case with prejudice.

Dated:  March 5, 2026                    Respectfully submitted,

*s/James S. Becker*

JAMES S. BECKER
Attorney ID No. 0388222
Attorney for Mr. Bocardo-Mariscal
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415